# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARCUS DUKES, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. 09-122 Erie |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| FEDERAL CORRECTIONAL | ) | |
| INSTITUTION - MCKEAN, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss Plaintiff's amended complaint or, in the alternative, motion for summary judgment [ECF No. 29], be granted.

### II. REPORT

#### A. Relevant Procedural History

On May 29, 2009, Plaintiff Marcus Dukes, a prisoner formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"),[1] filed this *pro se* civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the following Defendants: FCI-McKean; Francisco Quintana, former Warden at FCI-McKean ("Quintana"); Michael Schaffer, correctional officer at FCI-McKean ("Schaffer"); Harley G. Lappin, Director of the Federal Bureau of Prisons ("Lappin"); Eric Holder, Attorney General of the United States ("Holder"); and the United States of America ("United States"). Plaintiff subsequently filed an amended

---

[1] Plaintiff is presently incarcerated at the Federal Correctional Institution at Big Spring, Texas.

complaint on May 17, 2010, which is deemed to have superseded his original complaint. [ECF No. 26]. In his amended complaint, Plaintiff claims that Defendants were deliberately indifferent to his health and safety in violation of the eighth amendment to the United States Constitution.

On August 2, 2010, Defendants filed a motion to dismiss Plaintiff's amended complaint or, in the alternative, motion for summary judgment [ECF No. 29], asserting that: (i) Plaintiff has failed exhaust his administrative remedies with regard to his claims; (ii) Plaintiff's claims against the United States, FCI McKean, and the individual Defendants in their official capacities are barred by the doctrine of sovereign immunity; (iii) Defendants Lappin and Quintana should be dismissed from this case because Plaintiff has failed to allege their personal involvement in the alleged constitutional violations; (iv) Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted; and (v) the individual Defendants are entitled to qualified immunity.[2] Plaintiff filed a reply to Defendant's motion on October 15, 2010 [ECF No. 33]. This matter is now ripe for consideration.

### B. Relevant Factual History

Plaintiff alleges that Defendant Schaffer "repeatedly threatened to set up inmates on the overnight shift." (ECF No. 26, Amended Complaint, at p. 5, ¶ 1). As a result, Plaintiff and another inmate talked to two staff members about Defendant Schaffer's "illegal behavior." (Id. at ¶ 2). One night, during a "surprise recall to the units," Plaintiff unwittingly left paperwork regarding Defendant Schaffer's behavior on the copy machine in the library. (Id. at ¶ 3). After returning to his unit, Plaintiff told a correctional officer that he left "sensitive legal information"

---

[2] Defendants also argue that Plaintiff has failed to state a claim under the Federal Tort Claims Act ("FTCA"); however, aside from simply naming the United States as a Defendant, Plaintiff has made no allegations that may be construed as an FTCA claim.

on the copy machine and asked if he could retrieve it after count. The correctional officer refused Plaintiff's request and told Plaintiff he would get the paperwork and bring it back to the unit. (Id. at ¶ 4). The next evening the correctional officer told Plaintiff he had given the paperwork to Defendant Schaffer, the overnight correctional officer, to give to Plaintiff. (Id. at ¶ 5).

Later that night, during Defendant Schaffer's shift, Plaintiff walked to the bathroom before count and was approached by Defendant Schaffer. According to Plaintiff, Defendant Schaffer grabbed him as he entered the bathroom and put a bag of "unknown contents" in Plaintiff's hand, asking, "Is this yours?" (Id. at ¶ 6). When Defendant Schaffer let go of him, Plaintiff ran through the building to the other correctional officer on duty and, at his order, surrendered himself and the bag. (Id.). Plaintiff was then placed in the Special Housing Unit ("SHU"), and apparently issued two incident reports against Plaintiff, which Plaintiff claims are false.

While Plaintiff was in the SHU, Defendant Schaffer got moved to SHU duty. (Id. at p. 6, ¶ 8). On the first night Defendant Schaffer was on duty, Plaintiff alleges that Schaffer delivered his evening meal stating there was "shit" in the food and made statements Plaintiff interpreted as racial slurs. (Id.). Plaintiff refused to eat the meal and at least four more meals after that, at which time the Captain had Plaintiff brought to his office. (Id. at ¶ 9). Plaintiff alleges that he then told the Captain about Defendant Shaffer's actions, in response to which the Captain allegedly informed Plaintiff that he would report the events to the Warden, reprimand Schaffer, and have Schaffer moved to another wing. (Id.).

### C. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

3

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:
> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."

4

> \*  \*  \*
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. **Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a

party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## D. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff's complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[3]

### 1. Exhaustion Standard

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73

---

3

It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by he defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

2

Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that c1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

(3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[5]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define

---

[5] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3.    Analysis

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Defendants have submitted the Declaration of Vanessa Herbin-Smith, Supervisory Paralegal with the Federal Bureau of Prisons' Northeast Regional Office, who declares, in pertinent part:

> 6.    Following a search of the administrative remedy index, I determined that [Plaintiff] has not exhausted his available administrative remedies regarding any issue raised in the complaint. Indeed my review of [Plaintiff's] administrative remedy index reflects that during his incarceration, he filed only four Regional Administrative Remedy Appeals, and each of his four Regional Administrative Remedy Appeals was rejected without a substantive response. To date, [Plaintiff] has not

9

>     properly filed a single administrative remedy Request or Appeal.
>
>                         *           *           *
>
>  9.  [Plaintiff's] Administrative Remedy Index reflects that to date, he has not properly filed any Administrative Remedy Requests or appeals alleging staff misconduct or retaliation for his reporting of staff misconduct. Moreover, to date, he has filed no Administrative Remedy Requests or Appeals alleging staff at FCI McKean withheld or delayed the delivery of Administrative Remedy forms to him.

(ECF No. 30-1 at ¶¶ 6-9).

In response, Plaintiff alleges that Defendants refused to provide him with the necessary forms to file timely appeals of the disciplinary hearing officer's ("DHO") findings regarding the two allegedly false misconduct reports issued by Defendant Schaffer. (ECF No. 26, Amended Complaint, at ¶ 10). As a result, Plaintiff claims that Defendants intentionally interfered with his ability to exhaust his administrative remedies. This argument lacks merit.

Noticeably absent from the amended complaint is any claim challenging the content of the "false" incident reports, the findings of the DHO, or the sanctions that were imposed by the DHO. To the contrary, Plaintiff's amended complaint alleges that Defendant Schaffer's "threats to inmates, put both inmates and staff at increased risk of confrontation and harm;" his use of "falsified reports violates BOP policy and the Due Process rights of the Plaintiff;" and his alleged "statement that he 'shit' in the Plaintiff's food cause[d] the plaintiff to suffer without food for more than a day." (Id. at ¶ 11). None of these claims would have been properly exhausted even if Plaintiff had filed timely appeals of the DHO's findings regarding the allegedly false incident reports issued by Defendant Schaffer. Instead, it was incumbent upon Plaintiff to exhaust his administrative remedies with regard to the issues raised in this case by

10

pursuing them through the available grievance process. This Plaintiff did not do.[6] Thus, Plaintiff has failed to exhaust his administrative remedies with regard to his claims in this case, and summary judgment should be granted in favor of Defendants.[7]

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss Plaintiff's amended complaint or, in the alternative, motion for summary judgment [ECF No. 29] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter<br>SUSAN PARADISE BAXTER<br>United States Magistrate Judge

Dated: March 10, 2011

cc:    The Honorable Maurice B. Cohill
       United States District Judge

---

[6] The Court notes that Plaintiff has not argued that he was denied the proper grievance forms or that Defendants otherwise interfered with his attempts to file a grievance regarding the issues raised in this case.

[7] Because this Court recommends the entry of summary judgment in favor of Defendants based upon Plaintiff's failure to exhaust administrative remedies, there is no need to address the other arguments raised by Defendants in their summary judgment motion.